IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KRISTOFER BRANDON HIGGINSON,<br><br>   Petitioner,<br><br>vs.<br><br>ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>   Respondent. | Cause No. CV 25-86-M-BMM<br><br><br>ORDER |

Petitioner Kristofer Brandon Higginson ("Higginson"), a pretrial detainee incarcerated at the Missoula County Detention Facility, filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 and a supplement in support. *See* (Docs. 1 & 1-1.) Higginson also seeks leave of the Court to proceed in forma pauperis. (Doc. 2.) Although he has not filed a copy of his inmate account statement, there is no reason to delay this matter further. The motion will be granted.

**Background**

Higginson acknowledges that he has been charged with "a bunch" of state offenses but does not list them. (Doc. 1 at 3.) A review of the Missoula County Jail Roster indicates that Higginson has been charged with felony burglary, along

1

with several misdemeanors, including two counts of criminal trespass, disorderly conduct, obstructing a peace officer, and criminal mischief. *See* Missoula County Jail Roster: https://webapps.missoulacounty.us/jailroster/ChargesDetail (accessed June 17, 2025). Higginson has been incarcerated since January 13, 2025.

Higginson has not been convicted or sentenced yet, although Higginson states he has an upcoming court date on July 21, 2025.  (Doc. 1 at 2.)  It appears Higginson may have entered a no contest plea to some of the charges, although he explains he is confused about the current status of his proceedings.  (*Id*. at 3.) Higginson also seems to believe that the instant petition before this Court also functions as a petition for habeas corpus with the Montana Supreme Court.  (*Id*. at 4.)

Higginson claims he had been profiled and set up by various individuals. Higginson indicates his public defender has tried to force him to take medication, has lied to him, and has failed to communicate with him.  (*Id*.)  Higginson also believes that justice has been obstructed in the state legal proceedings, to include the filing of false reports, police harassment, legal malpractice, and malicious prosecution.  (*Id*. at 5); *see also*, (Doc. 1-1.)

Higginson asks this Court to appoint him a new public defender and "drop" the charges against him in light of the fact that he has already spent 5 months in jail.  (*Id*. at 7.)

**Analysis**

Although Higginson filed this action pursuant to 28 U.S.C. § 2254, he is pretrial detainee attacking the validity of his custody status. Section 2254 applies to prisoners who are in custody pursuant to a state court conviction. *White v. Lambert*, 379 F. 3d 1002, 1009-10 (9th Cir. 2004). Section 2241 of Title "provides generally for the granting of writs of habeas corpus by federal courts, implementing 'the general grant of habeas authority provided by the Constitution.'" *Frantz v. Hazey*, 533 F. 3d 724, 735 (9th Cir. 2008 (en banc) (*quoting White*, 370 F. 3d at 1006). Section 2241 provides the authority for granting habeas relief to a person "who is not in custody pursuant to a state court judgment" but, rather, who is in custody for some other reason, such a pretrial detention or awaiting extradition. *White*, 370 F. 3d at 1006.

"District Courts are authorized by 28 U.S.C. §2241 to consider petitions for habeas corpus." *Castro-Cortez v. INS*, 239 F. 3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Bargas v. Gonzales*, 548 U.S. 30 (2006). "That section does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." *Id.*; *see also Liang v. Ashcroft*, 370 F. 3d 994, 1000-1001 (9th Cir. 1994). The principles of federalism and comity, however, require that the Court abstain and not entertain a pretrial habeas challenge unless the petitioner makes the following showing: (1) exhaustion of

available state judicial remedies; and (2) that "special circumstances" warrant federal intervention. *Carden v. Montana*, 626 F. 2d 82, 83-4 & n.1 (9th Cir.), *cert. denied,* 449 U.S. 1014 (1980); *see also, Younger v. Harris*, 401 U.S. 37, 43-54 (1971); *Samuels v. Mackell*, 401 U.S. 66, 68-74 (1971) (under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances).

On the face of his petition, Higginson acknowledges that he has not yet been convicted or sentenced and that his state criminal proceedings are presently ongoing. *See,* (Doc. 1 at 2-4.) Further, Higginson acknowledges he has not attempted to challenge his detention in any fashion within the state court system. (*Id*. at 3-4.) To the extent that Higginson presents cognizable federal claims, such claims are presently unexhausted.

Moreover, the exception for "special circumstances" is limited to "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against state prosecutions appropriate." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971); *Carden*, 626 F. 2d at 84. Higginson's dissatisfaction with the amount of time his state proceedings are taking and his opinion of counsel's performance are not the

type of unusual circumstances that might justify an exception to *Younger* abstention. Higginson may attempt to obtain the relief he seeks via his pending state court proceedings or on direct appeal therefrom.

Higginson has not exhausted his state court remedies, and his situation does not involve an adequately "unusual" circumstance. Higginson petition will be dismissed without prejudice.

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The claims Higginson attempts to present are unexhausted and do not meet the "unusual circumstances" exception to abstention. Accordingly, reasonable jurists would find no reason to encourage additional proceedings at this time. A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

**ORDER**

1. Higginson's Petition (Doc. 1) is DISMISSED without prejudice as unexhausted.

2. Higginson's Motion to Proceed in Forma Pauperis (Doc. 2) is GRANTED. The Clerk of Court is directed to waive payment of the filing fee.

3. The Clerk of Court is directed to enter a judgment of dismissal.

4. A certificate of appealability is DENIED.

DATED this 17th day of June 2025.

_____
Brian Morris, Chief District Judge
United States District Court